IN THE UNITED STATES DISTRICT COURT FOR MASSACHUSETTS
Boston Division

| | |
|---|---|
| HALAWI INVESTMENT TRUST, SAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2013-cv-11631 |
| ) | |
| BOSTON MERCHANT FINANCIAL, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| BOSTON MERCHANT FINANCIAL, LTD., ) | |
| ) | |
| Defendants ) | |

**FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

COMES NOW the Plaintiff, Halawi Investment Trust, SAL ("Halawi"), by counsel, and for its Complaint against the Defendants, Boston Merchant Financial, LLC and Boston Merchant Financial, LTD., states as follows:

1. Plaintiff is a Lebanese investment trust.

2. Defendant Boston Merchant Financial, LLC, (the "LLC") is a Delaware limited liability company doing business in Boston, Massachusetts.

3. Defendant Boston Merchant Financial, LTD., ("BMFN") is a company with offices at 9 Wimpole Street, London, England WIG 9SR.

4. This court has jurisdiction by virtue of diversity of citizenship and the amount in controversy exceeds $75,000.

**FACTS**

5. The Plaintiff opened an investment account and deposited certain of its funds with a company called "Boston Merchant Financial." Upon information and belief, the

Defendants operate and trade as Boston Merchant Financial at 10 Milk Street, Suite 706, in Boston.

6. Plaintiff would access its investment account online to view statements at bmfn.com. That website belongs to Defendant BMFN. Plaintiff's representatives would also communicate with the Defendants by email and phone to Defendants' representatives, including a certain Pavel ("Paul") Belogour.

7. The current balance of the account is approximately $1,175,568.88.

8. Earlier in 2013, the Plaintiff asked BMFN to close out its account.

9. To this end, BMFN directed the Plaintiff to contact one of its officers, Mr. Belogour at the LLC in Boston by phone, using a Boston phone number.

10. On or about May 13, 2013, when Plaintiff's representative contacted Mr. Belogour through calling him in Boston and Mr. Belogour advised Plaintiff's representatives that Plaintiff would never receive its funds because of certain "issues" and certain deficiencies in Plaintiff's request.

11. Mr. Belogour instructed Halawi to direct any demand for the return of its funds to its Boston offices.

12. On May 24, 2013, Plaintiff sent a written demand to Defendants, care of Mr. Belogour at the LLC's Boston address, pursuant to BMFN's prior instructions, which Mr. Belogour previously referred, demanding a return of its funds.

13. On June 11, Mr. Belogour received a demand for the return of Plaintiff's funds. Despite demand, the Defendant has refused to return the Plaintiff's funds, totaling $1,175,568.88.

## **COUNT I – BREACH OF CONTRACT**

14. Plaintiff incorporates Paragraphs 1-13 above as though fully set forth herein.

15. Plaintiff had an oral agreement with the Defendants whereby the Plaintiff invested funds with the Defendants, and the Defendants were to return Plaintiff's funds upon demand.

16. Defendants have breached the agreement by not returning Plaintiff's money.

17. Plaintiff has been damaged in the amount of $1,175,568.88.

WHEREFORE, Plaintiff asks for judgment in the amount of $1,175,568.88, pre and post judgment interest, and costs.

## **COUNT II – UNJUST ENRICHMENT (ALTERNATIVE COUNT)**

18. Plaintiff incorporates Paragraphs 1-13 above as though fully set forth herein.

19. Plaintiff conferred a benefit upon the Defendants by investing certain of its funds with them.

20. Defendants were aware of the benefit conferred, and knew that the Plaintiff would want its funds back upon demand.

21. Defendants have refused to return Plaintiff's funds, despite demand.

22. Plaintiff has been damaged in the amount of $1,175,568.88, the amount in its account with the Defendants.

## **COUNT III – CONVERSION**

23. Plaintiff incorporates Paragraphs 1-23 above as though fully set forth herein.

24. The Plaintiff opened an investment account and deposited certain of its funds with a company called "Boston Merchant Financial."

25. Plaintiff would access its investment account online to view statements at bmfn.com. That website belongs to Defendant BMFN. Plaintiff's representatives would also

communicate with the Defendants by email and phone to Defendants' representatives, including a certain Pavel ("Paul") Belogour.

26. The current balance of the account is approximately $1,175,568.88.

27. Earlier in 2013, the Plaintiff asked BMFN to close out its account and return its funds.

28. To this end, BMFN directed the Plaintiff to contact one of its officers, Mr. Belogour at the LLC in Boston by phone, using a Boston phone number.

29. On or about May 13, 2013, when Plaintiff's representative contacted Mr. Belogour through calling him in Boston and Mr. Belogour advised Plaintiff's representatives that Plaintiff would never receive its funds because of certain "issues" and certain deficiencies in Plaintiff's request.

30. Mr. Belogour instructed Halawi to direct any demand for the return of its funds to its Boston offices.

31. On May 24, 2013, Plaintiff sent a written demand to Defendants, care of Mr. Belogour at the LLC's Boston address, pursuant to BMFN's prior instructions, which Mr. Belogour previously referred, demanding a return of its funds.

32. On June 11, Mr. Belogour received a demand for the return of Plaintiff's funds.

33. Despite demand, the Defendant has refused to return the Plaintiff's funds, totaling $1,175,568.88.

34. The Defendants have exercised dominion and control over the funds of the Plaintiff.

35. After demand for the return of its funds, the Defendants have failed and refused to return the funds.

36. The Defendants have knowingly and intentionally converted the Plaintiff's funds.

## COUNT IV – M.G.L. c. 93A

37. Plaintiff incorporates Paragraphs 1-37 above as though fully set forth herein.

38. The Plaintiff and Defendants are engaged in trade or commerce as trade or commerce is defined under M.G.L. c. 93a.

39. The Plaintiff opened an investment account and deposited certain of its funds with a company called "Boston Merchant Financial."

40. Plaintiff would access its investment account online to view statements at bmfn.com. That website belongs to Defendant BMFN. Plaintiff's representatives would also communicate with the Defendants by email and phone to Defendants' representatives, including a certain Pavel ("Paul") Belogour.

41. The current balance of the account is approximately $1,175,568.88.

42. Earlier in 2013, the Plaintiff asked BMFN to close out its account and return its funds.

43. To this end, BMFN directed the Plaintiff to contact one of its officers, Mr. Belogour at the LLC in Boston by phone, using a Boston phone number.

44. On or about May 13, 2013, when Plaintiff's representative contacted Mr. Belogour through calling him in Boston and Mr. Belogour advised Plaintiff's representatives that Plaintiff would never receive its funds because of certain "issues" and certain deficiencies in Plaintiff's request.

45. Mr. Belogour instructed Halawi to direct any demand for the return of its funds to its Boston offices.

46. On May 24, 2013, Plaintiff sent a written demand to Defendants, care of Mr. Belogour at the LLC's Boston address, pursuant to BMFN's prior instructions, which Mr. Belogour previously referred, demanding a return of its funds.

47. On June 11, Mr. Belogour received a demand for the return of Plaintiff's funds.

48. Despite demand, the Defendant has refused to return the Plaintiff's funds, totaling $1,175,568.88.

49. The Defendants have exercised dominion and control over the funds of the Plaintiff.

50. After demand for the return of its funds, the Defendants have failed and refused to return the funds.

51. The Defendants have knowingly and intentionally converted the Plaintiff's funds.

52. The Defendants have knowingly and intentionally acted unfair and deceptive in violation of M.G.L. c. 93A by converting the funds of the Plaintiff and refusing to return them after demand.

WHEREFORE, Plaintiff asks for

a. judgment in the amount of $1,175,568.88,
b. pre and post judgment interest,
c. multiple damages,
d. attorney fees and
e. costs.

Respectfully submitted,
HALAWI INVESTMENT TRUST, SAL
By its attorneys:

/s/ Carlo Cellai, Esq._____          Dated: August 29, 2013
Carlo Cellai, Esq.    BBO # 558651
Cellai Law Offices, P.C.
280 Summer Street, Suite M300
Boston, Massachusetts 02210
Telephone (617) 367-2199
Facsimile (617) 367-2075
E mail: Carlo@Cellailaw.com

# CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of August, 2013, a true copy of the foregoing Plaintiff's Motion to Vacate Default and First Amended Complaint and Demand for Trial by Jury was electronically served on:

Mark Bross, Esq.
Hinkley Allen
28 State Street
Boston, Massachusetts 02109
mbross@hinckleyallen.com


/s/ Carlo Cellai, Esq.                            Dated:  August 29, 2013
Carlo Cellai, Esq.