United States District Court
District of Massachusetts

| | |
|---|---|
| HALAWI INVESTMENT TRUST, SAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| BOSTON MERCHANT FINANCIAL, LTD. ) | 13-11631-NMG |
| (a United Kingdom Company) and ) | |
| BOSTON MERCHANT FINANCIAL LTD. ) | |
| (a British Virgin Islands ) | |
| Company), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

Halawi Investment Trust, SAL ("plaintiff"), a Lebanese investment trust, brings this claim for breach of contract, unjust enrichment, conversion and violation of M.G.L. c. 93A against defendant Boston Merchant Financial, Ltd., which is allegedly a "United Kingdom Company" that maintains offices in London, England ("BMF-UK"), and defendant Boston Merchant Financial Ltd., which is allegedly a "British Virgin Islands Company" with offices in Moscow, Russia ("BMF-BVI") (collectively, "defendants"). Plaintiff claims that defendants have refused to return certain funds that it previously deposited with defendants.

-1-

Pending before the Court are defendants' motion for a protective order staying discovery with respect to BMF-UK or, in the alternative, an order extending certain discovery deadlines and defendant BMF-BVI's motion for a protective order staying discovery with respect to BMF-BVI.

I. **Background**

In October, 2010, plaintiff allegedly entered into an agreement ("the 2010 Agreement") with BMF-BVI. Pavel Belogour ("Belogour") signed the 2010 Agreement as a Director of BMF-BVI. Plaintiff contends that at all relevant times, Belogour was a resident of Massachusetts and maintained an office in Boston. Plaintiff thereafter made several wire transfers to an account called "Fund Administration FBO Boston Merchant Financial, Ltd." In January, 2012, plaintiff entered into a different agreement ("the 2012 Agreement") with BMF-UK and thereafter made several wire transfers to that entity. Belogour signed the 2012 Agreement on behalf of BMF-UK.

Between October, 2010 and April, 2013, plaintiff allegedly communicated with the defendants about its accounts via email. A number of the responsive emails were purportedly sent by individuals with mailing addresses in Boston, Massachusetts.

In April, 2013, plaintiff decided to withdraw the funds it had deposited pursuant to the 2010 and 2012 Agreements. It contends that its account balance with defendants exceeded $1

million at that time, that it was directed to refer "all questions" to Belogour and that it has contacted Belogour multiple times at his Boston office to no avail. Plaintiff now seeks the return of over $1 million that it claims to be owed by defendants.

## II. Procedural History

Plaintiff filed its initial Complaint against "Boston Merchant Financial, LLC" in July, 2013. In August, 2013, a clerk of this Court entered a notice of default against Boston Merchant Financial, LLC for failure to respond to the complaint. Shortly thereafter, plaintiff filed its First Amended Complaint in which it added "Boston Merchant Financial, LTD" as a party and moved to vacate the notice of default. That motion was allowed. The Court held a scheduling conference in January, 2014 and entered a Scheduling Order with respect to discovery and other deadlines in this action. In March, 2014, plaintiff filed its Second Amended Complaint which added BMF-BVI as a defendant. The Court allowed a joint motion to extend the deadline to respond to the Second Amended Complaint until April 30, 2014, and defendants moved to dismiss on that date.

## III. Defendants' motions for protective orders and to extend discovery deadlines

On March 28, 2014, defendants moved for 1) a protective order excusing BMF-UK from responding to requests for production

of documents and interrogatories due on March 28, 2014 and 2) an order extending all deadlines currently imposed by the Court's January 8, 2014 Scheduling Order for serving and responding to discovery until the Court rules upon defendants' impending motion to dismiss. As grounds for the motion, defendants assert that they plan to move to dismiss plaintiff's Second Amended Complaint for lack of diversity jurisdiction because none of the parties to this action are United States citizens. In the alternative, they request that the Court stay the case in light of pending arbitration.

On April 28, 2014, defendant BMF-BVI filed a similar motion seeking a protective order that would prevent BMF-BVI from having to respond to requests for production of documents and interrogatories that were served on March 28, 2014 and to extend deadlines for responding to discovery until after the Court rules upon its impending motion to dismiss.

Plaintiff responds that defendants are seeking to short circuit court-ordered discovery by claiming an illusory jurisdictional defense. It further contends that there is evidence that defendants conducted business in Boston, Massachusetts and should therefore be considered Massachusetts entities under the "nerve center" test for the principal place of business of a corporation. See Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). As a result, plaintiff suggests, it

should be able to conduct discovery to determine the nature of the corporate structure in order to respond to defendants' pending motion to dismiss for lack of subject matter jurisdiction. Moreover, it asserts that it is unable to submit to arbitration without first determining, through discovery, the true nature of the defendants' corporate structure.

The Court agrees that defendants should not be permitted to conceal their true corporate structure by preventing plaintiff from conducting relevant jurisdictional discovery. Therefore, the Court will deny defendant's motion for a protective order and its request to stay the action pending arbitration. It will, however, extend the deadline for serving and responding to written discovery requests by 45 days in light of the filing of the Second Amended Complaint after the entry of the scheduling order.

## **ORDER**

For the foregoing reasons,

1) defendants' motion for a protective order and for an order extending the deadline for serving and responding to written discovery with respect to Boston Merchant Financial, Ltd. (a United Kingdom Company) (Docket No. 45) is **ALLOWED,** only insofar as the deadlines for serving and responding to requests for written discovery is extended until June 15, 2014, but is otherwise **DENIED;**

2) the January 8, 2014 Scheduling Order (Docket No. 27) is hereby amended with respect to written discovery which will be served by May 15, 2014 and answered by June 15, 2014;

-5-

3) the motion of defendant Boston Merchant Financial Ltd. (a British Virgin Islands Company) for a protective order (Docket No. 53) is **DENIED;** and

4) the deadline for plaintiff to respond to defendants' motion to dismiss for lack of subject matter jurisdiction (Docket No. 57) is extended to July 15, 2014.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 2, 2014