United States District Court
District of Massachusetts

|  |  |
|---|---|
| HALAWI INVESTMENT TRUST, SAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| BOSTON MERCHANT FINANCIAL, LTD. ) | 13-11631-NMG |
| (a United Kingdom Company) and ) | |
| BOSTON MERCHANT FINANCIAL LTD. ) | |
| (a British Virgin Islands ) | |
| Company), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Halawi Investment Trust ("plaintiff" or "Halawi"), a Lebanese investment trust, alleges that defendants Boston Merchant Financial, Ltd., a United Kingdom Company that maintains offices in London, England ("BMF-UK"), and defendant Boston Merchant Financial Ltd., a British Virgin Islands Company with offices in Moscow, Russia ("BMF-BVI") (collectively, "defendants"), have wrongfully retained its funds. This Court recently denied defendants' motions for protective orders that would have stayed discovery in light of their impending motion to dismiss for lack of subject matter jurisdiction.

Defendants' motion to reconsider that ruling is now pending before the Court. For the reasons that follow, the Court will

-1-

allow the subject motion, stay all discovery deadlines and order plaintiff to respond to the pending motion to dismiss no later than Tuesday, June 17, 2014.

## I. Background

The relevant background of this case is summarized in the Memorandum and Order of May 2, 2014, and requires no further elucidation here.

## II. Procedural History

In July, 2013, Halawi filed its original Complaint in which it named as the sole defendant an entity called Boston Merchant Financial, LLC ("BMF-LLC"). According to Halawi's allegations, BMF-LLC was a Delaware limited liability company doing business in Boston, Massachusetts. One month later, Halawi filed a First Amended Complaint in which it added BMF-UK as a defendant.

Following the L.R. 16.1 scheduling conference, Halawi again amended its claims and replaced BMF-LLP with a new defendant, BMF-BVI. The Second Amended Complaint asserted subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. As part of its allegations, Halawi pled that BMF-UK is a "United Kingdom Company" and BMF-BVI is a "British Virgin Islands Company". Defendants have confirmed that BMF-UK was incorporated in the United Kingdom and BMF-BVI was incorporated in the British Virgin Islands in subsequent pleadings submitted to this Court. See Docket No 69-2 (U.K. Certificate of

Incorporation); Docket No. 66-1 (B.V.I. Certificate of Incorporation).

Defendants subsequently moved for protective orders staying discovery on the grounds that the Court lacks subject matter jurisdiction over the claims in the Second Amended Complaint. On April 30, 2014, while those motions were under review, defendants moved to dismiss. The Court denied the motions for protective orders on May 2, 2014 and extended the deadlines to complete discovery and for plaintiff to respond to the motion to dismiss.

### III. **Motion for Reconsideration and Clarification**

Defendants contend that the Court erred in finding that plaintiff Halawi Investment Trust ("Halawi") was entitled to relevant jurisdictional discovery before dismissing the case. The Court agrees that its ruling was based on an incorrect understanding of its jurisdiction over foreign corporations under 28 U.S.C. § 1332. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (explaining that misapprehension of a material point of law is grounds for reconsideration).

Federal courts have limited subject matter jurisdiction and must be specifically authorized to decide a case. Gonzalex-Cancel v. Progresista, 696 F.3d 115, 119 (1st Cir. 2012). In this case, Halawi does not assert a federal cause of action against defendants and therefore jurisdiction must be grounded

in diversity of citizenship under 28 U.S.C. § 1332. There is no dispute that Halawi, a Lebanese investment trust, is considered to be a citizen of Lebanon and therefore a "foreign citizen" for purposes of § 1332. There can also be no dispute that the defendants are incorporated in the United Kingdom and the British Virgin Islands, respectively. The only issue is whether that foreign incorporation makes both defendants foreign citizens for the purpose of the diversity statute, in which case diversity jurisdiction would be lacking. See 28 U.S.C. § 1332(a)(2) (permitting jurisdiction over suits between a citizen of a State and a citizen of a foreign state); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569 (2004) (citing Mossman v. Higginson, 4 Dall. 12, 14, 1 L. Ed 720 (1800)) (explaining that federal courts lack subject matter jurisdiction over suits between citizens of foreign states).

In holding that Halawi was entitled to jurisdictional discovery, the Court assumed that it could exercise subject matter jurisdiction pursuant to § 1332(a)(2) if Halawi could prove that Massachusetts was the "nerve center" of defendants' corporate operations. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has a principal place of business."); see also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010)

(holding that the a corporation's principal place of business for the purpose of § 1332(c)(1) is the "nerve center" of corporate operations). That assumption appears to have been based upon an erroneous understanding of the diversity statute.

While the Court of Appeals for the First Circuit has not addressed the specific circumstances at issue here, the consensus in other circuits is that federal courts lack diversity jurisdiction over suits between a foreign citizen and a corporation that is incorporated in a foreign state but has a principal place of business within the United States. See, e.g., Slaychev v. Royal Caribbean Cruises, 559 F.3d 251, 254-55 (4th Cir. 2009); Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., 509 F.3d 271, 272-73 (6th Cir. 2007); Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000). Those courts have reasoned that a corporation that is incorporated abroad but maintains a principal place of business here has dual citizenship under the diversity statute and its foreign citizenship destroys jurisdiction when there is a foreign citizen on the other side of the lawsuit.

Halawi opposes defendants' motion solely on the basis that defendants did not raise the specific dual citizenship argument in its motions for protective orders and did not make a sufficient effort to confer with plaintiffs pursuant to L.R. 7.1(a)(2) before filing the subject motion. Neither reason is

persuasive given the Court's obligation to inquire <u>sua</u> <u>sponte</u> into its subject matter jurisdiction and to halt proceedings if such jurisdiction is lacking. In re <u>Reticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988).

The Court will allow the subject motion and order Halawi to respond to defendants' pending motion to dismiss no later than Tuesday, June 17, 2014. It will also stay all discovery, including an impending deposition of Pavel Belogour, until it decides whether it has jurisdiction over this case. As a result, Mr. Belogour's motion to quash and Halawi's multiple motions to compel discovery will be held in abeyance.

Finally, defendants also seek clarification of the Court's ruling with respect to their request to stay the action in anticipation of their filing a motion to compel arbitration. The Court is aware that defendants have not yet moved to compel arbitration and therefore clarifies that it declined to stay the action in light of the impending motion and that defendants are not precluded from moving to compel arbitration in the future.

### **ORDER**

For the foregoing reasons,

1) defendants' motion for reconsideration and clarification of the Memorandum and Order entered on May 2, 2014 (Docket No. 65) is **ALLOWED**;

2) plaintiff is ordered to respond to defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 57) on or before Tuesday, June 17, 2014;

3) all discovery in this case is stayed pending resolution of defendants' motion to dismiss;

4) Pavel Belogour's Motion to Quash the Subpoena and Defendants' Motion for a Protective Order (Docket No. 70) is held in abeyance; and

5) plaintiff's First Motion to Compel Discovery (Docket No. 61), Motion to Compel Documents and Discovery Arising Out of Defendants' Automatic Disclosure Obligations (Docket No. 62), Motion to Compel Discovery (Docket No. 63) and Motion to Compel Documents from Automatic Disclosure (Docket No. 67) are held in abeyance.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 2, 2014